# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FRED KELSEY, Individually and on Behalf of All Others Similarly Situated,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>PATRICK J. ALLIN, JILLIAN SHEEHAN, and TEXTURA CORPORATION,  )<br>)<br>Defendants.  ) | Civil Action No.: 14-CV-7837 |

## ORDER GRANTING LEAD PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, Lead Plaintiff Fred Kelsey ("Lead Plaintiff"), on behalf of himself and the Settlement Class, and Textura Corporation ("Textura" or the "Company"), Patrick J. Allin, and Jillian Sheehan (collectively, the "Defendants"), have entered into the Stipulation and Agreement of Settlement, dated July 12, 2017 (the "Stipulation") [Dkt. 101], which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the class action pending before the Court entitled *Fred Kelsey v. Patrick J. Allin, et al.,* Case No. 14-cv-7837 (N.D.Ill.) (the "Action"); and the Court having read and considered the Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and the Settling Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 17th day of July, 2017, that:

1. Capitalized terms used herein have the meanings defined in the Stipulation.

2. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all Persons (including, without limitation, their beneficiaries) who purchased Textura common stock during the period from June 7, 2013 and January 7, 2014, both dates inclusive, and excluded from the Settlement Class are: (a) persons who suffered no compensable losses, e.g., those who bought Textura common stock during the Class Period but sold prior to any corrective disclosure; (b) Defendants, the officers and directors of Textura, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest and (c) Opt-outs.

1

3. This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class they seek to represent; (d) Lead Plaintiff fairly and adequately represents the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, Lead Plaintiff is certified as the class representative on behalf of the Settlement Class ("Class Representative") and Lead Counsel, previously selected by Lead Plaintiff and appointed by the Court, is hereby appointed as Lead Counsel for the Settlement Class ("Class Counsel").

5. The Court finds that (a) the Stipulation resulted from good faith, arm's length negotiations, and (b) the Stipulation is sufficiently fair, reasonable and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Settlement Hearing.

6. The Court hereby preliminarily approves the Settlement, subject to further consideration at the Settlement Hearing pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court on **November 15, 2017 at 10:00 a.m.** in courtroom 1342, 219 S. Dearborn, Chicago, Illinois, for the following purposes:

(a) to determine finally whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied;

(b) to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c) to determine finally whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release by the Releasing Parties of the Released Claims against the Released Parties, as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to prosecute or attempt to prosecute any Released Claims extinguished by the release against any of the Released Parties, as also set forth in the Stipulation;

(d) to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e) to consider the application of Class Counsel for an award of attorneys' fees and expenses and an award to the Class Representative;

(f) to consider Settlement Class Members' objections to the Settlement, if any, whether submitted previously in writing or presented orally at the Settlement Hearing by Settlement Class Members (or by counsel on their behalf) provided that they gave proper notice that they intend to appear at the Settlement Hearing; and

(g) to rule upon such other matters as the Court may deem appropriate.

7. The Court reserves the right to adjourn the Settlement Hearing to a later date and to approve the Settlement without modification, or with such modifications as may be agreed to by the Settling Parties, and with or without further notice of any kind. The Court further reserves

the right to enter its Order and Final Judgment approving the Settlement and dismissing the Action, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

8. The Court approves the form, substance and requirements of (a) the Notice (Exhibit A-1), (b) the Summary Notice (Exhibit A-3) and (c) the Proof of Claim and Release Form (Exhibit A-2), attached hereto.

9. Class Counsel has the authority to enter into the Settlement on behalf of the Settlement Class and have the authority to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

10. For settlement purposes only, Strategic Claims Services is appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.

11. Class Counsel, through the Claims Administrator, shall cause the Notice and the Proof of Claim and Release Form, substantially in the forms annexed to the Stipulation, to be mailed, by first class mail, postage prepaid, within sixteen (16) calendar days of the entry of this Order, or August 2, 2017, to all Settlement Class Members who can be identified with reasonable effort by Class Counsel, through the Claims Administrator.

12. Escrow Agent may, at any time after entry of this Order and without further approval from Defendants or the Court, disburse at the direction of Class Counsel up to $150,000 (One Hundred Fifty Thousand Dollars) from the Settlement Fund prior to the Effective Date to the Settlement Administration Account to pay for Administrative Costs. After the Effective Date, additional amounts, up to $100,000.00 (One Hundred Thousand Dollars), may be transferred

4

from the Gross Settlement Fund to the Settlement Administration Account to pay for any necessary additional Administrative Costs without further order of the Court.

13. No later than fourteen (14) calendar days after the date of this Order, Defendants shall provide, or cause to be provided, to Class Counsel or the Claims Administrator the identity of the Company's transfer agent. Defendants shall provide any required authorization to allow the Company's transfer agent to provide to Class Counsel or the Claims Administrator information concerning the identity of Settlement Class Members, including any names and addresses of Settlement Class Members and nominees or custodians that exists in such transfer records ("Settlement Class Information") in electronic searchable form. This information will be kept confidential and not used for any purpose other than to provide the notice contemplated by this Order.

14. Class Counsel, through the Claims Administrator, shall take all reasonable efforts to give notice to nominees or custodians who held Textura common stock during the Settlement Class Period as record owners but not as beneficial owners. Such nominees or custodians shall, within ten (10) calendar days of receipt of the Notice and Proof of Claim and Release Form, either (i) request additional copies of the Notice and Proof of Claim and Release Form sufficient to send the Notice and Proof of Claim and Release Form to all beneficial owners for whom they are nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners; or (ii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Notice and Proof of Claim and Release Form to such beneficial owners. Nominees or custodians who elect to send the Notice and Proof of Claim and Release Form to their beneficial owners shall send a written certification

5

to the Claims Administrator confirming that the mailing has been made as directed. Additional copies of the Notice and Proof of Claim shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses, up to $0.75 per unit, incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

15. Class Counsel shall, at least seven (7) calendar days before the Settlement Hearing, serve upon counsel for Defendants and file with the Court proof of the mailing of the Notice and Proof of Claim and Release Form as required by this Order.

16. Class Counsel, through the Claims Administrator, shall cause the Stipulation and its exhibits, this Order, and a copy of the Notice to be posted on the Claims Administrator's website within sixteen (16) calendar days after entry of this Order.

17. Class Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* within sixteen (16) calendar days after the entry of this Order, or August 2, 2017. Class Counsel shall, at least seven (7) calendar days before the Settlement Hearing, serve upon counsel for Defendants and file with the Court proof of publication of the Summary Notice.

18. The forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15

U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

19. In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a) A properly completed and executed Proof of Claim and Release Form must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than October 23, 2017. Such deadline may be further extended by Order of the Court. Each Proof of Claim and Release Form shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim and Release Form is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim and Release Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b) The Proof of Claim and Release Form submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized

7

statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel; (iii) if the person executing the Proof of Claim and Release Form is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim and Release Form; and (iv) the Proof of Claim and Release Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) Once the Claims Administrator has considered a timely submitted Proof of Claim and Release Form, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim and Release Form that is deficient or otherwise rejected shall be afforded a reasonable time (at least ten (10) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within ten (10) calendar days after the date of mailing of the notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

(d) As part of the Proof of Claim and Release Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and

8

shall, upon the Effective Date, release all claims as provided in the Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of the Proof of Claim and Release Forms, nor shall any discovery from or of Defendants be allowed on any topic.

20. All Settlement Class Members who do not submit valid and timely Proof of Claim and Release Forms will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

21. Settlement Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request for exclusion shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than October 25, 2017 (the "Exclusion Deadline"), to the addresses listed in the Notice. In order to be valid, such request for exclusion (A) must clearly indicate the name and address and phone number and e-mail contact information (if any) of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class in *Fred Kelsey v. Patrick J. Allin, et al.,* Case No. 14-cv-7837 (N.D.Ill.)", and (B) state the date, number of shares and dollar amount of each Textura common stock purchase or acquisition during the Settlement Class Period, and any sale transactions, and (ii) the number of shares of Textura common stock held by the Person as of January 7, 2014. In order to be valid, such request for exclusion must be submitted with documentary proof (i) of each purchase or acquisition and, if applicable, sale transaction of Textura common stock during the Settlement Class Period and (ii) demonstrating

the Person's status as a beneficial owner of the Textura common stock. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

22. The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to counsel for the Settling Parties as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). The Settlement Class will not include any Person who delivers a valid and timely request for exclusion.

23. Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than two (2) Business Days before the Settlement Hearing, in which event that Person will be included in the Settlement Class.

24. All Persons who submit a valid, timely and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

25. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, <u>provided</u>, <u>however</u>, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Order and Final Judgment, or any other order relating thereto, unless that Person has served copies of any objections, papers and

10

briefs to each of the following counsel at least twenty-one (21) calendar days prior to the Settlement Hearing Date, or October 25, 2017:

CLASS COUNSEL:

Phillip Kim, Esq.
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, NY 10016

COUNSEL FOR DEFENDANTS:

Hille R. Sheppard, Esq.
SIDELY AUSTIN LLP
One South Dearborn
Chicago, IL 60603

and that Person has (at least twenty-one (21) calendar days prior to the Settlement Hearing date, or October 25, 2017) filed said objections, papers and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court, Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604. To be valid, any such objection must contain the Settlement Class Member's (1) name, address, and telephone number, (2) a list of all purchases and sales of Textura common stock during the Settlement Class Period in order to show membership in the Settlement Class, (3) all grounds for the objection, including any legal support known to the Settlement Class Member and/or his, her, or its counsel, (4) the name, address and telephone number of all counsel who represent the Settlement Class Member, including former or current counsel who may be entitled to compensation in connection with the objection, and (5) the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement

Hearing is not necessary but Persons wishing to be heard orally in opposition to the approval of the Stipulation, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

26. Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in this Action.

27. The Court reserves the right to adjourn the Settlement Hearing without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

28. All papers in support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed and served no later than thirty-five (35) calendar days before the Settlement Hearing, or October 11, 2017.

29. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

30. Defendants, their counsel, their insurers and other Released Parties shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees or expenses or payments to the Class Representative submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

31. Pending final determination of whether the Settlement should be approved, all Releasing Parties shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Claims against any Released Party in any court or tribunal or proceeding. Unless and until the Stipulation is cancelled and terminated pursuant to the Stipulation, all proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Stipulation, are hereby stayed and suspended until further order of the Court.

32. All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and Plan of Allocation and/or further order(s) of the Court.

33. Neither the Stipulation, nor any of its terms or provision, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants, their counsel, their insurers or any of the other Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing or any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that Class

Representatives or any Settlement Class Members have suffered any damages, harm, or loss. Further, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Class Representatives of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in this Action.

34. In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Released Parties, and each Settling Party shall be restored to his, her or its respective litigation positions as they existed prior to June 5, 2017, pursuant to the terms of the Stipulation.

35. The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the Class Members, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 6 above. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Stipulation, including by way of illustration and not limitation, any dispute concerning any Proof of Claim and Release Form submitted and any future requests by one or more of the Parties that the Order and Final Judgment, the releases and/or the permanent injunction set forth in the Stipulation be enforced.

Dated: July 17, 2017
_____

*Mary M Rowland*

HON. MARY M. ROWLAND
UNITED STATES MAGISTRATE JUDGE