EXHIBIT A-1

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FRED KELSEY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK J. ALLIN, JILLIAN SHEEHAN, and TEXTURA CORPORATION,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No.: 14-CV-7837<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF PENDENCY AND
## PROPOSED SETTLEMENT OF CLASS ACTION

If you purchased Textura Corporation ("Textura" or the "Company") common stock during the period from June 7, 2013 and January 7, 2014, both dates inclusive (the "Settlement Class Period"), you could get a payment from a proposed class action settlement (the "Settlement").

*Under law, a federal court has authorized this Notice. This is not attorney advertising.*

- If approved by the Court, the settlement will provide three million three hundred thousand dollars ($3,300,000) (the "Settlement Amount") gross, plus interest as it accrues, minus attorneys' fees, costs, administrative expenses, and net of any taxes on interest, to pay claims of investors who purchased Textura common stock during the Settlement Class Period.

- The Settlement represents an estimated average recovery of $.25 per share of Textura for the approximately 13.2 million damaged shares as estimated by plaintiff's expert. This estimate solely reflects the average recovery per damaged share of Textura common stock during the Class Period. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Textura common stock, and the total number of claims filed.

1

- Attorneys for Lead Plaintiff ("Lead Counsel") intend to ask the Court to award them fees of up to one-third of the Settlement Amount or one million one hundred thousand dollars ($1,100,000), reimbursement of litigation expenses of no more than $225,000 and an award to the Lead Plaintiff not to exceed $15,000. Collectively, the attorneys' fees and expenses and award to Lead Plaintiff are estimated to average $.102 per share of Textura. If approved by the Court, these amounts will be paid from the Settlement Amount.

- The approximate recovery, after deduction of attorneys' fees and expenses approved by the Court, is an average of $.148 per outstanding share of Textura common stock. This estimate is based on the assumptions set forth in the preceding paragraph. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Textura common stock, the purchase and sales prices, and the total number and amount of claims filed.

- The Settlement resolves the Action concerning whether Textura, Patrick J. Allin, and Jillian Sheehan ("Defendants") violated the federal securities laws by making misrepresentations and/or omissions of material fact in various filings with the U.S. Securities and Exchange Commission ("SEC") regarding Defendant Allin's professional biography. Defendants vehemently deny each and every claim and contention alleged in the Action and deny any misconduct or wrongdoing whatsoever.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **SUBMIT A CLAIM FORM NO LATER THAN OCTOBER 23, 2017** | The only way to get a payment. |
| **EXCLUDE YOURSELF NO LATER THAN OCTOBER 25, 2017** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Defendants about the legal claims in this case. |
| **OBJECT NO LATER THAN OCTOBER 25, 2017** | Write to the Court about why you do not like the Settlement. |
| **GO TO A HEARING ON NOVEMBER 15, 2017** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

EXHIBIT A-1

## INQUIRIES

**Please do not contact the Court regarding this Notice.**  All inquiries concerning this Notice, the Proof of Claim and Release Form, or any other questions by Settlement Class Members should be directed to:

| | | |
|---|---|---|
| Textura Corporation Securities Litigation<br>c/o Strategic Claims Services<br>P.O. Box 230<br>600 N. Jackson St., Ste. 3<br>Media, PA 19063<br>Tel.: 866-274-4004<br>Fax: 610-565-7985<br>info@strategicclaims.net | or | Phillip Kim, Esq.<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Avenue, 34th Floor<br>New York, New York 10016<br>Tel.: 212-686-1060<br>Fax: 212-202-3827<br>info@rosenlegal.com |

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement, dated July 12, 2017 (the "Stipulation").

## COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT

**1.      Why did I get this Notice?**

You or someone in your family may have purchased Textura common stock between June 7, 2013 through January 7, 2014, both dates inclusive.

**2.      What is this lawsuit about?**

The action is styled as *Fred Kelsey v. Patrick J. Allin, et al.,* Case No. 14-cv-7837 (N.D.Ill.) (the "Action"). The Court in charge of the case is the United States District Court for the Northern District of Illinois.

The Action involves the issue of whether Defendants violated the federal securities laws by making misrepresentations or omissions of material fact concerning Defendant Allin's professional biography in SEC filings. The complaint asserts that the alleged misstatements or omissions artificially inflated the price of Textura common stock, and that the common stock prices dropped in response to certain subsequent disclosures.

Defendants have vehemently denied and continue to deny the allegations in the complaint and all charges of wrongdoing or liability. The Settlement shall in no event be construed as, or deemed to be evidence of, an admission or concession by any of the Defendants with respect to any claim or any fault or wrongdoing or damage to the Settlement Class Members or any other person. The Settlement resolves all of the claims in the Action, as well as certain other claims or potential claims.

**3.     Why is this a class action?**

In a class action, one or more persons and/or entities, called plaintiffs, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a class, and these individual persons and/or entities are known as class members. One court resolves all of the issues for all class members, except for those class members who exclude themselves from the class.

**4.     Why is there a Settlement?**

Lead Plaintiff and Defendants do not agree regarding the merits of Lead Plaintiff's allegations and Defendants' defenses with respect to liability or the average amount of damages per share, if any, that would be recoverable if Lead Plaintiff were to prevail at trial on each claim. The issues on which Lead Plaintiff and the Defendants disagree include: (1) whether the challenged statements were materially false or misleading or otherwise actionable under federal securities law; (2) whether the Defendants acted with scienter; (3) whether the alleged disclosures were corrective disclosures; (4) the causes of the loss in the value of Textura common stock; and (5) the amount of alleged damages, if any, that could be recovered at trial.

This matter has not gone to trial and the Court has not decided in favor of either Lead Plaintiff or any of the Defendants.  Instead, Lead Plaintiff and Defendants have agreed to settle the case. Lead Plaintiff and Lead Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by the Defendants. Among the reasons that Lead Plaintiff and Lead Counsel believe the Settlement is fair is the fact that there is

uncertainty about whether they will be able to prove that the alleged misstatements and omissions actually caused the Settlement Class any damages, and the amount of damages, if any.

Even if Lead Plaintiff were to win at trial, and also prevail on any on appeal, Lead Plaintiff might not be able to collect some, or all, of any judgment they are awarded. Moreover, while litigation of this type is usually expensive, it appears that, even if Lead Plaintiff's allegations are eventually found to be true, the total amount of damages to which Settlement Class Members would be entitled could be substantially reduced.

5. **How do I know if I am part of the Settlement?**

   The Settlement Class consists of all Persons (including, without limitation, their beneficiaries) who purchased Textura common stock between June 7, 2013 and January 7, 2014, both dates inclusive.

6. **Are there exceptions to being included?**

   Yes. Excluded from the Class are: (a) persons who suffered no compensable losses, e.g., those who bought Textura common stock during the Class Period but sold prior to any corrective disclosure; (b) Defendants, the officers and directors of Textura, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest; and (c) Opt-outs.

7. **I am still not sure whether I am included.**

   If you are still not sure whether you are included, you can ask for free help. For more information, you can contact the Claims Administrator, Strategic Claims Services, by phone at (866) 274-4004 or by facsimile at (610) 565-7985, visit the website www.strategicclaims.net, or fill out and return the Proof of Claim and Release Form described in Question 9, to see if you qualify.

8. **What does the Settlement provide?**
   a. **What is the settlement fund?**

The proposed Settlement provides that Defendants' insurers pay three million three hundred thousand dollars ($3,300,000) into a settlement fund. The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the settlement fund will be used to pay attorneys' fees and reasonable litigation expenses to Lead Counsel and any award to Lead Plaintiff. A portion of the settlement fund also will be used to pay taxes due on interest earned by the settlement fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing this Notice and the costs of publishing notice. After the foregoing deductions from the settlement fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court ("Authorized Claimants").

**b.     What can you expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed; (ii) the dates you purchased and sold Textura common stock; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Lead Counsel for attorneys' fees, costs, and expenses and to Lead Plaintiff.

The Claims Administrator will determine each Authorized Claimants' *pro rata* share of the Net Settlement Fund based upon each Authorized Claimants's valid "Recognized Loss." The Recognized Loss formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Settlement Class Members with valid claims.

The Net Settlement Fund will be distributed to Authorized Claimants who submit a Proof of Claim and Release Form and whose claims for recovery are allowed by the Claims Administrator pursuant to the terms of the Stipulation or by order of the Court under the

below Plan of Allocation, which reflects Lead Plaintiff's contention that because of the alleged misrepresentations made by Defendants, the price of Textura common stock was artificially inflated during the relevant period and that certain subsequent disclosures caused changes in the inflated price of Textura common stock. Defendants have denied these allegations.

## PROPOSED PLAN OF ALLOCATION

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.strategicclaims.net.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss. **Please Note**: The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount of what a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losss of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "*pro rata* share"). Payment in this manner shall be deemed conclusive against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants or to pay any late, but otherwise valid and fully documented claims received after the cut-off date used to make the initial distribution, provided that such distributions to any late post-distribution claimants meet all of the other criteria for inclusion in the initial distribution, including the $10.00 minimum check amount set forth in the Notice; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and

who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to LAF or any not-for-profit successor of it chosen by Lead Counsel.

### THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:

**(I)** **Recognized Loss for the Company's Common Stock Purchased During the Settlement Class Period will be calculated as follows:**

  (A) For shares purchased during the Settlement Class Period <u>and sold during the Settlement Class Period</u>, the Recognized Loss per share will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below) less the inflation per share upon sale (as set forth in Inflation Table A below); or (2) the purchase price per share minus the sales price per share. Only shares purchased in the Settlement Class Period and held through at least one corrective disclosure[1] will have a Recognized Loss. Any shares purchased and sold prior to December 26, 2013 or shares purchased and sold within any of the corrective disclosure periods will have no Recognized Loss since the Inflation upon purchase is equal to the inflation upon sale.

  (B) For shares purchased during the Settlement Class Period <u>and sold during the period January 8, 2014 to April 7, 2014</u>, inclusive, the Recognized Loss will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below); or (2) the difference between the purchase price per share and the average closing stock price as of date of sale provided in Table B below.

  (C) For shares purchased during the Settlement Class Period <u>and retained as of the close of trading on April 7, 2014</u>, the Recognized Loss will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below); or (2) the purchase price per share minus $28.02[2] per share.

---

[1] The corrective disclosures were made on December 26, 2013, December 27, 2013 and January 7, 2014.

[2] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $28.02 per share was the mean (average) daily closing trading price of the Company's common stock during the 90-day period beginning on January 8, 2014 to April 7, 2014.

EXHIBIT A-1

| INFLATION TABLE A | |
|---|---|
| Textura Common Stock During the Settlement Class Period | |
| **Period** | **Inflation** |
| June 7, 2013 to December 25, 2013, inclusive | $15.20 per share |
| December 26, 2013 | $8.59 per share |
| December 27, 2013 to January 6, 2014, inclusive | $6.75 per share |
| January 7, 2014 | $2.98 per share |
| January 8, 2014 and thereafter | $.00 per share |

TABLE B

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|
| 1/8/2014 | $25.80 | $25.80 | 2/24/2014 | $26.74 | $29.29 |
| 1/9/2014 | $26.63 | $26.22 | 2/25/2014 | $26.40 | $29.20 |
| 1/10/2014 | $28.12 | $26.85 | 2/26/2014 | $26.52 | $29.12 |
| 1/13/2014 | $29.59 | $27.54 | 2/27/2014 | $26.55 | $29.05 |
| 1/14/2014 | $31.59 | $28.35 | 2/28/2014 | $26.91 | $28.99 |
| 1/15/2014 | $30.40 | $28.69 | 3/3/2014 | $26.10 | $28.91 |
| 1/16/2014 | $32.64 | $29.25 | 3/4/2014 | $27.31 | $28.87 |
| 1/17/2014 | $31.72 | $29.56 | 3/5/2014 | $27.77 | $28.84 |
| 1/21/2014 | $32.00 | $29.83 | 3/6/2014 | $28.11 | $28.82 |
| 1/22/2014 | $32.28 | $30.08 | 3/7/2014 | $28.36 | $28.81 |
| 1/23/2014 | $32.86 | $30.33 | 3/10/2014 | $27.47 | $28.78 |
| 1/24/2014 | $32.96 | $30.55 | 3/11/2014 | $27.12 | $28.74 |
| 1/27/2014 | $31.97 | $30.66 | 3/12/2014 | $27.18 | $28.70 |
| 1/28/2014 | $33.04 | $30.83 | 3/13/2014 | $27.09 | $28.67 |
| 1/29/2014 | $32.72 | $30.95 | 3/14/2014 | $27.10 | $28.63 |
| 1/30/2014 | $34.87 | $31.20 | 3/17/2014 | $27.90 | $28.62 |
| 1/31/2014 | $31.44 | $31.21 | 3/18/2014 | $29.03 | $28.63 |
| 2/3/2014 | $29.47 | $31.12 | 3/19/2014 | $30.00 | $28.65 |
| 2/4/2014 | $29.10 | $31.01 | 3/20/2014 | $29.11 | $28.66 |
| 2/5/2014 | $27.23 | $30.82 | 3/21/2014 | $28.00 | $28.65 |
| 2/6/2014 | $26.49 | $30.62 | 3/24/2014 | $27.63 | $28.63 |
| 2/7/2014 | $27.66 | $30.48 | 3/25/2014 | $27.59 | $28.61 |
| 2/10/2014 | $28.35 | $30.39 | 3/26/2014 | $26.52 | $28.57 |

EXHIBIT A-1

| | | | | | |
|---|---|---|---|---|---|
| 2/11/2014 | $27.52 | $30.27 | 3/27/2014 | $26.20 | $28.53 |
| 2/12/2014 | $27.43 | $30.16 | 3/28/2014 | $25.49 | $28.47 |
| 2/13/2014 | $25.99 | $30.00 | 3/31/2014 | $25.21 | $28.42 |
| 2/14/2014 | $26.39 | $29.86 | 4/1/2014 | $25.20 | $28.36 |
| 2/18/2014 | $26.94 | $29.76 | 4/2/2014 | $25.30 | $28.31 |
| 2/19/2014 | $26.52 | $29.65 | 4/3/2014 | $23.35 | $28.23 |
| 2/20/2014 | $25.67 | $29.51 | 4/4/2014 | $22.31 | $28.13 |
| 2/21/2014 | $24.99 | $29.37 | 4/7/2014 | $21.51 | $28.02 |

To the extent a claimant had a trading gain or "broke even" from his, her or its overall transactions in the Company's shares during the Class Period, the value of the Recognized Loss will be zero and the claimant will not be entitled to a share of the Net Settlement Fund. To the extent that a claimant suffered a trading loss on his, her or its overall transactions in the Company's shares during the Settlement Class Period, but that trading loss was less than the Recognized Loss calculated above, then the Recognized Loss shall be limited to the amount of the claimant's actual trading loss.

For purposes of calculating your Recognized Loss, the date of purchase or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of the Company shares shall not be deemed a purchase, acquisition or sale of shares for the calculation of an Authorized Claimant's Recognized Loss. The covering purchase of a short sale is not an eligible purchase.

For purposes of calculating your Recognized Loss, all purchases, acquisitions and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of Claim enclosed with this Notice, you must provide all of your purchases and acquisitions of the Company shares during the time period June 7, 2013 through and including April 7, 2014.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defendants' Counsel, Lead Plaintiffs, Lead Counsel or the Settlement Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Cash Settlement Amount shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Cash Settlement Amount, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

**9.     How can I get a payment?**

To qualify for a payment, you must send in a form entitled "Proof of Claim and Release Form." This Proof of Claim and Release Form is attached to this Notice. You may also obtain a Proof of Claim and Release Form on the Internet at www.strategicclaims.net. Read the instructions carefully, fill out the form, sign it in the location indicated, and mail the claim form together with all documentation requested in the form, postmarked no later than October 23, 2017, to:

> Textura Corporation Securities Litigation
> c/o Strategic Claims Services
> 600 N. Jackson St., Ste. 3
> P.O. Box 230
> Media, PA 19063
> Tel.: 866-274-4004
> Fax: 610-565-7985
> info@strategicclaims.net

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

**10.    What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself from the Settlement Class by the October 25, 2017 deadline, you will remain a member of the Settlement Class and will be bound by the release of claims against the Defendants and other Released Parties if the Settlement is approved. That means you and all other Settlement Class Members and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members heirs, representatives, administrators, executors, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against the Defendants and other Released Parties any and all claims which arise out of, are based upon or relate in any way to the purchase, acquisition, sale, or ownership of Textura common stock during the Settlement Class Period. It means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as sole compensation for any

EXHIBIT A-1

losses you suffered in the purchase, acquisitions, sale or ownership of Textura common stock during the Settlement Class Period. The specific terms of the release are included in the Stipulation.

**11.    How do I get out of the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants or other Released Parties on your own about the claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement. To exclude yourself from the Settlement, you must mail a letter that (A) clearly indicates your name, address, phone number and e-mail contact information (if any) and states that you "request to be excluded from the Settlement Class in *Fred Kelsey v. Patrick J. Allin, et al.,* Case No. 14-cv-7837 (N.D.Ill.)", and (B) states the date, number of shares and dollar amount of each Textura common stock purchase or acquisition during the Settlement Class Period, and any sale transactions, and the number of shares of Textura common stock held by you as of January 7, 2014. In order to be valid, such request for exclusion must be submitted with documentary proof (i) of each purchase and, if applicable, sale transaction of Textura common stock during the Settlement Class Period and (ii) demonstrating your status as a beneficial owner of the Textura common stock. Any such request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must mail your exclusion request, to be received no later than October 25, 2017, to the Claims Administrator at the following address:

Textura Corporation Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 3
P.O. Box230
Media, PA 19063

You cannot exclude yourself by telephone or by e-mail.

If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the judgment in this case.

12. **If I do not exclude myself, can I sue the Defendants for the same thing later?**

    No. Unless you followed the procedure outlined in the Notice to exclude yourself, you give up any right to sue the Defendants or other Released Parties for the claims being released in this Settlement. If you have a pending lawsuit related to any Released Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit.

13. **Do I have a lawyer in this case?**

    The Court appointed The Rosen Law Firm, P.A. as Lead Counsel, to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for The Rosen Law Firm, P.A. is provided above.

14. **How will the lawyers be paid?**

    Lead Counsel have expended considerable time litigating this action on a contingent fee basis, and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Lead Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the settlement fund, as is customary in this type of litigation. Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the settlement fund. Therefore, Lead Counsel will file a motion asking the Court at the Settlement Hearing to make an award of attorneys' fees in an amount not to exceed $1,100,000, for reimbursement of reasonable litigation expenses not to exceed $225,000 and an award to Lead Plaintiff in an amount not to exceed $15,000. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the settlement fund.

EXHIBIT A-1

**15. How do I tell the Court that I do not like the Settlement?**

You can tell the Court you do not agree with the Settlement, any part of the Settlement, Lead Counsel motion for attorneys' fees and expenses and application for an award to Lead Plaintiff, and that you think the Court should not approve the Settlement, by mailing a letter stating that you object to the Settlement in the matter of *Fred Kelsey v. Patrick Allin, et al.,* Case No. 14-cv-7837 (N.D.Ill.). Be sure to include (1) your name, address, and telephone number, (2) a list of all purchases and sales of Textura common stock during the Settlement Class Period in order to show membership in the Settlement Class, (3) all grounds for the objection, including any legal support known to you or your counsel, (4) the name, address and telephone number of all counsel who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection, and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Be sure to serve copies of any objections, papers and briefs to **each** of the addresses listed below, to be received no later than October 25, 2017:

| Clerk of the Court<br>United States District Court<br>Northern District of Illinois<br>Everett McKinley Dirksen<br>United States Courthouse<br>219 South Dearborn Street<br>Chicago, Illinois 60604 | **LEAD COUNSEL:**<br><br>Phillip Kim, Esq.<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Avenue, 34th Floor<br>New York, New York 10016 | **COUNSEL FOR DEFENDANTS TEXTURA CORPORATION, PATRICK ALLIN, AND JILLIAN SHEEHAN:**<br><br>Hille R. Sheppard, Esq.<br>SIDLEY AUSTIN LLP<br>One South Dearborn Street<br>Chicago, Illinois 60603 |
|---|---|---|

EXHIBIT A-1

**16. What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

**17. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing on <u>November 15, 2017 at 10:00 a.m.</u>, at the United States District Court, Northern District of Illinois, 219 South Dearborn Street, Court Room 1342, Chicago, Illinois 60604.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Lead Counsel for attorneys' fees and expenses and how much to award to Lead Plaintiff.

**18. Do I have to come to the hearing?**

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

**19. What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be

EXHIBIT A-1

part of any other lawsuit against Defendants about the Released Claims (as defined in the Stipulation) ever again.

DATED: July 17, 2017

*Mary M Rowland*

_____
BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

HON. MARY M. ROWLAND
UNITED STATES MAGISTRATE JUDGE

16